# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| **FREEDOM WATCH, INC.,**         | ) |                              |
| Plaintiff,                       | ) |                              |
| v.                               | ) | Case No. 1:15-cv-01264 (APM) |
| **U.S. DEPARTMENT OF STATE,**    | ) |                              |
| Defendant.                       | ) |                              |

## MEMORANDUM OPINION AND ORDER

In this long-running case under the Freedom of Information Act ("FOIA"), Defendant Department of State seeks dismissal for want of prosecution. Joint Status Report, ECF No. 45, at 1. Defendant's request arises from Plaintiff's counsel's failure to comply with two orders issued by the court that required the parties to meet and confer in good faith to attempt to narrow the issues in dispute. *Id.*

Although the court declines at this time to impose the ultimate sanction of dismissal, it will impose a lesser sanction. Plaintiff is barred from challenging Defendant's withholdings, searches, and segregability determinations as to item numbers 1–27, 29, 33–35, 37–38, and 40–43 of Plaintiff's FOIA request. *See* Compl., ECF No. 1, at 2–9 (listing Plaintiff's requested items). The court will give Plaintiff one more opportunity to meet and confer in good faith as to the remaining requests—item numbers 28, 30–32, 36, 39, and 44–50, i.e., those that the court previously defined as the "Unanswered Requests." *See* Order, ECF No. 23, at 1. If Plaintiff fails to comply, the court will dismiss what is left of this matter for want of prosecution.

I.

Plaintiff's counsel has twice failed to meet and confer in good faith with Defendant in violation of court orders. The first time came in response to the court's Order of September 1, 2017. Order, ECF No. 40 [hereinafter Sept. 1st Order]. The September 1 Order required the parties to "meet and confer" and "endeavor in good faith to identify and, hopefully, narrow the aspects of Defendant's FOIA production [Plaintiff] intends to challenge." *Id.* at 1. In view of the breadth of Plaintiff's FOIA demand—consisting of 50 separate requests directed at obtaining a trove of records concerning former Secretary of State Hillary Clinton, *see* Compl., ECF No. 1, at 2–9—the court ordered the meet-and-confer process so that Defendant would not have to "brief[ ] issues that will not ultimately be subject to challenge." Sept. 1st Order at 1. The court unambiguously expressed its expectations of the parties, particularly Plaintiff:

> To be clear, Plaintiff must identify with specificity, as to each component of its FOIA request, the withholdings it intends to challenge, as well as indicate whether it intends to contest the Defendant's search. Simply stating that Plaintiff "wants all requested documents"[1] will not do.

Sept. 1st Order.

Plaintiff's counsel did not, however, follow this clear instruction. Instead, as reported by Defendant, "Plaintiff's counsel (1) did not identify any withholdings or types of withholdings Plaintiff intended to challenge, (2) did not state whether Plaintiff intended to challenge Defendant's search, and (3) did not propose a briefing schedule." Joint Status Report, ECF No. 41, at 1–2. Inexplicably, when contacted by Defendant, Plaintiff's counsel conceded he had not reviewed any of the responsive records posted online and later expressed that "I don't care to

---

[1] The court chose that wording deliberately. In response to an earlier Minute Order requiring the parties to meet and confer about further proceedings, Defendant reported that Plaintiff stated only that it "want[s] all requested documents." Def.'s Status Report, ECF No. 39, at 1. By incorporating Plaintiff's words into the September 1 Order, the court clearly communicated that a similar indiscriminate approach would not do.

2

narrow the issues." *Id.* at 2. Instead, Plaintiff's counsel demanded that "all redacted and claimed exempted documents and records should be submitted to the court for in camera inspection." *Id.* at 3. Counsel's justification for taking this position was that Defendant had "engaged in a pattern and practice" "of not being candid or truthful with regard to the search for documents and records and the production of documents and records." *Id.* Plaintiff's counsel did not, however, deny Defendant's description of his words and actions, and counsel offered no evidence to support his allegations of misconduct. *Id.*

The second violation of a court order came some three months later. Following a status conference on November 21, 2017, at which Plaintiff's counsel complained that he did not have access to any *Vaughn* indexes to evaluate Defendant's withholdings, the court directed the parties to give the meet-and-confer process another try. Order, ECF No. 43[hereinafter Nov. 21st Order], at 1. To facilitate the parties' discussions, the court ordered Defendant to produce *Vaughn* indexes to Plaintiff so that its counsel could review the withholdings and the asserted exemptions in advance of the parties' meet and confer. *Id.* at 1–2. The November 21 Order further provided that, "[o]nce produced by the State Department, Plaintiff's counsel *shall* review the produced *Vaughn* indices within 21 days," and that seven days thereafter the parties "*shall* meet and confer in accordance with the court's September 1, 2017 Order." Nov. 21st Order at 1 (emphasis added).

Despite this straightforward directive, Plaintiff's counsel apparently viewed compliance as optional. Defendant produced the *Vaughn* indexes, as ordered, on December 21, 2017. Notice of Service of *Vaughn* Indexes, ECF No. 44. Yet, when Defendant reached Plaintiff's counsel *26 days later*—beyond the 21 days ordered by the court—on January 16, 2018, in an attempt to meet and confer, Plaintiff's counsel admitted "that he had not even looked at the *Vaughn* indices" and asked that they be re-sent, which Defendant agreed to do. Joint Status Report, ECF No. 45, at 2.

3

Three days later, on January 19, 2018, Plaintiff's counsel again stated that "he had still not reviewed the indices sufficiently to discuss them" and asked to speak three days later on January 22, 2018. *Id.* The parties never did speak on that day, despite Defendant's efforts to do so. *Id.* at 2–3. Instead, Plaintiff's counsel e-mailed Defendant, asking that the following be reflected in the parties' Joint Status Report:

> Plaintiff Freedom Watch has reviewed the Vaughn indexes provided by the Department of State and given Defendant's now well documented pattern and practice of improperly withholding documents and redactions thereof as relates to the time that Hillary Clinton was secretary of state, and thereafter, it is respectfully requested that any and all withheld documents be produced in camera for this Court for its review, and/or alternatively that discovery depositions of the records custodians who signed sworn declarations be ordered.

*Id.* at 3. Thus, once again, instead of meeting and conferring as ordered, Plaintiff's counsel asked the court to consume substantial time and resources to conduct an in camera review of thousands of pages. Plaintiff's counsel did not dispute Defendant's recitation of his words and actions and, once more, offered no proof to support his attack on Defendant.

II.

Federal Rule of Civil Procedure 16(f)(1)(C) authorizes the court "on its own" to issue "any just orders" if a party "fails to obey a . . . pretrial order." "The choice of sanction must be guided by the 'concept of proportionality' between the offense and sanction." *Cf. Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (discussing sanctions under Fed. R. Civ. P. 37) (quoting *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1077 (D.C. Cir. 1986)). The ultimate sanction of dismissal is one of last resort, to be used only after "less dire" alternatives have been explored without success or proven futile. *See id.*; *cf. Gardner v. United States*, 211 F.3d 1305, 1039 (D.C. Cir. 2000) (discussing sanctions for want of prosecution under Fed. R. Civ. P. 41(b)).

4

Plaintiff's counsel's disregard of the court's orders in this case is remarkable. Counsel apparently thinks that meeting and conferring "in good faith" means on whatever schedule is convenient to him and in whatever manner he so chooses. He also must believe that the court's orders do not place any real obligation on him, but instead present opportunities to take baseless potshots at opposing counsel. It takes real chutzpah to ignore the court's orders and, at the same time, to act the aggrieved party. One would think that, if counsel's objective is to convince this court that his opponent is acting in bad faith, he would hold himself to a higher standard. Apparently not.

Notwithstanding Plaintiff's counsel's failure to abide by the court's orders, dismissal is not the appropriate sanction at this time. The D.C. Circuit repeatedly has instructed trial courts not to impose the ultimate sanction of dismissal unless attempts at lesser sanctions prove fruitless. *See Gardner*, 211 F.3d at 1309; *Bonds*, 93 F.3d at 808. The court has not yet sanctioned Plaintiff in this case. True, it has twice warned Plaintiff about the prospect of dismissal for failure to meet and confer in good faith, but the first sanction imposed ordinarily should not be the most severe.

The lesser sanction chosen by the court—barring Plaintiff from challenging Defendant's withholdings, searches, and segregability determinations as to certain requests—is fair. Item numbers 1–27, 29, 33–35, 37–38, and 40–43 of Plaintiff's FOIA request ask for records concerning the terrorist attack on the U.S. Consulate in Benghazi, Libya; the Clinton Foundation; and the former Secretary's use of a private e-mail server. *See* Compl. at 2–9. Those requests are at issue in numerous other cases filed in this District Court. *E.g.*, *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 14-cv-1511 (ABJ) (Benghazi-related records); *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 15-cv-00692 (APM) (Benghazi-related e-mails); *Leopold v. U.S. Dep't of State*, 15-cv-00123 (RC) (Clinton e-mails and records); *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 15-cv-

5

0688 (RC) (Clinton Foundation-related records).  Thus, Defendant's actions as to those categories of records is subject to judicial review elsewhere.  To the extent responsive, non-exempt materials are not already in the public domain, they surely will be at some point and thus available to Plaintiff.  Consequently, Plaintiff's inability to press its own arguments as to those records does not substantially impair its interests, but does relieve Defendant of re-litigating those issues in this case.  In light of Plaintiff's counsel's conduct, that is a just outcome.

### III.

The court will afford Plaintiff one last opportunity to comply with the court's orders.  No later than March 7, 2018, Plaintiff shall meet and confer with Defendant as to the Unanswered Requests in the manner prescribed in the September 1 Order.  Thereafter, on March 9, 2018, the parties shall submit a Joint Status Report consistent with paragraph 4 of the November 21 Order.  If Plaintiff fails to comply with this Order, the court will dismiss this matter for want of prosecution.

Dated: February 21, 2018

Amit P. Mehta
United States District Judge